IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ALICEA, | No. C 09-00091 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 22, 23] |
| GE MONEY BANK, et al., | |
| Defendants. / | |

Before the Court is Defendant GE Money Bank's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) and Fed. R. Civ. P 9(b) and Request for Judicial Notice ("RJN"). [Docket Nos. 22, 23]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. L.R. 7-1(b). For the reasons given below, the Court GRANTS the motion WITH LEAVE TO AMEND and GRANTS Defendant's Request for judicial notice of Defendant's Exhibits A-D.

## BACKGROUND

**A.     Factual Background.**

According to the Complaint, Plaintiff Maria Alicea lives in and owns 501 North Idaho Street, in San Mateo, California (the "San Mateo property"). In October 2006, she sought a mortgage loan to buy the San Mateo property, and worked with a mortgage broker. Ultimately, Plaintiff obtained a first loan from Defendant GE Money Bank ("GE Money") for $700,000 and a second loan for $200,000 from another lender. GE Money produced a Good Faith Estimate on October 27, 2006, though it was not signed until January 10, 2007. The loan application was signed on December 14, 2006. Comp. ¶¶ 17-18. Plaintiff alleges GE Money failed to disclose the terms and charges associated with its loan. She alleges GE Money placed her into a loan that was unaffordable because it was based on her "stated income," her credit score, and the assumption that the value of

the San Mateo property would rise over time, rather than her reportable income. ¶¶19-21.

The loan closed on January 3, 2007. The Deed of Trust states an interest rate for the loan of 6.375%. [RJN, Ex. A]. Plaintiff alleges the loan application stated an interest rate of 6.25%. Additionally, Plaintiff alleges the Truth-in-Lending Statement ("TIL") states the loan amount is $678,615.75, but plaintiff believes the amount is understated by approximately $8,000. Compl ¶¶22, 24. The TIL is not attached to the complaint. The Deed lists the amount of the loan as $700,000. [RJN, Ex. A]. Finally, Plaintiff alleges GE charged an upfront fee (a discount point) to enable her to receive a lower interest rate, which she did not receive. ¶23.

Plaintiff fell behind in her loan payments and in May 2008, received a Notice of Default. ¶25. Foreclosure proceedings were initiated. On September 2, 2008, Defendant Mortgage Electronic Registration Systems ("MERS") recorded a Substitution of Trustee, which substituted Defendant Old Republic for the original Trustee, Westwood Associates. Westwood Associates is named in the Complaint, but according to the docket, has never been served. ¶ 26. A Notice of Trustee's Sale for the Subject Property, dated August 14, 2008, was recorded on the same day. ¶ 27. On October 6, 2008, Old Republic transferred its right, title and interest in the property to Defendant U.S. Bank National Association ("U.S. Bank"). ¶ 28.

### B. Procedural Background.

Plaintiff brought this action in state court on December 4, 2008, seeking to set aside the foreclosure sale of the San Mateo property. Defendants U.S. Bank and MERS removed the action on January 8, 2009. GE Money filed the instant motion on March 31, 2009.

### C. The Claims.

The Complaint consists of thirteen (13) causes of action: (1) declaratory relief; (2) recission; (3) breach of the implied covenant of good faith and fair dealing, (4) violation of TILA; (5) violation of RESPA; (6) actual fraud; (7) intentional misrepresentation; (8) concealment; (9) negligent misrepresentation; (10) unfair business practices; (11) to set aside the trustee's deed; (12) to cancel the trustee's deed; and (13) to quiet title. Plaintiff primarily alleges that GE Money engaged in predatory real estate lending practices because it put her into an unaffordable loan, failed to make mandatory disclosures about the features of the loan, and failed to provide escrow final closing

documents in the form and manner required by federal law. Compl. ¶17.

GE Money moves to dismiss all claims under either FRCP 12(b)(6), or FRCP 9(b) for the failure to specially plead fraud.

**LEGAL STANDARD**

**I.      Federal Rule of Civil Procedure 12(b)(6)**.

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). When a court reviews a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [. . .]. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65 (internal citations omitted).

Except when specific pleading is required, such as for a claim of fraud, specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197 (2007) (per curiam) (quoting *Twombly*, 127 S.Ct. at 1964).

**II.     Federal Rule of Civil Procedure 9(b).**

When alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud must "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. [A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is

3

false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice, with leave to amend if the pleading can by cured by the allegation of other facts. *Id*. at 1108.

## **DISCUSSION**

### **I.     The Declaratory Judgment Action.**

Declaratory relief is not appropriate where the controversy is hypothetical or where the actual controversy has become moot. *See Seelers v. Regents of the Univ. of Cal*., 432 F.2d 493, 499-500 (9th Cir.1990). Plaintiff's claim for declaratory relief is based on two factual allegations: (1) that Defendant US Bank is not the holder of her promissory note because the note was placed in a trust pool pursuant to a PSA and that any attempt to foreclose is a fraud; and (2) that Defendants have committed fraud and deceit against her in the application, processing, and servicing of the loan and the pending foreclosure notice. Compl. ¶ 32. As to the first allegation, California law does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust. Under Cal. Civil Code § 2924(a)(1), the trustee of a Deed of Trust has the right to initiate the foreclosure process. *See also Putkkuri v. Recontrust Co.*, 2009 WL 32567 (S.D.Cal. 2009); *Pagtalunan v. Reunion Mortg. Inc*., 2009 WL 961995, 2 (N.D.Cal. 2009). Defendant's Exhibit D indicates that U.S. Bank is the trustee of the Deed of Trust for the San Mateo property, which establishes its right to initiate the foreclosure process.

As to the second allegation, insofar as Plaintiff alleges fraud, Fed. Rule 9(b) requires her to plead "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). No such specifics are provided in the Complaint.

Because the alleged facts underlying the declaratory relief claim do not give rise to viable claims, there is no actual controversy between the parties warranting declaratory judgment. For these reasons, the Court GRANTS the motion to dismiss the First Cause of Action.

### **II.    The Claim for Rescission fails.**

In the Second Cause of Action for rescission, the Plaintiff alleges her consent to the loan was obtained by fraud because Defendant did not properly disclose the terms of the loan agreement.

4

Compl. ¶ 37. A claim alleging mistake or fraud must be pled with specificity under Rule 9(b). The specifics of an averment of misrepresentation entails "the who, what, when, where, and how" of the misconduct charged. In addition, the plaintiff must set forth what is false or misleading about the statement, and why it is false or misleading. *Ciba-Geigy*, 317 F.3d at 1106.

Here, Plaintiff's claim fails to identify specific misrepresentations and/or omissions that were made by the defendant in relation to the terms of her home loan. For example, what was Plaintiff told would be the terms of her loan, and by whom? What made the representation false or misleading, and why? Or, for example, what was Plaintiff not told, and by whom, and what exactly about the omission was misleading. For these reasons, the Court GRANTS the motion to dismiss Plaintiff's Second Cause of Action with LEAVE TO AMEND in order to allege any such facts.

### III.  The Contractual Breach of Implied Covenant of Good Faith and Fair Dealing.

The Third Cause of Action is brought against all defendants, however, Plaintiff limits her argument about a fiduciary duty to Defendants US Bank and Saxon. She alleges that the promissory note and Deed of Trust imposed upon the Defendants a duty of good faith and fair dealing. Further, that they breached these duties by conduct which *preceded* the execution of the contract. The Defendants' alleged conduct consists of: (1) not taking into account her ability to repay the loan, (2) misleading her as to key terms of the loan, the discount points, the fees, and prepaid finance charges, and (3) failing to warn her she could default because the loan was not affordable. Compl. ¶¶ 41, 43.

Insofar as these allegations assert that any or all of the Defendants violated the implied covenant *during the negotiations* of the loan, they fail to state a claim. *See McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799 (Cal.App. 2 Dist. 2008) (applying this rationale to a commercial lease agreement). "As the court explained in *Racine & Laramie, Ltd. v. Department of Parks & Recreation,* 11 Cal.App.4th 1026, 1031-1035 (1992), the implied covenant is a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." *Id*. Thus, because all the acts Plaintiff complains of occurred prior to the execution of the loan, she has failed to state a legally cognizable claim. The Court GRANTS the motion to dismiss the Third Cause of Action. Plaintiff is GRANTED LEAVE TO AMEND to allege fraud with particularity, if she is able to do so in good faith.

5

## IV. The Federal TILA and RESPA Claims.

### A. TILA

"TILA was enacted in 1968 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.' 15 U.S.C. § 1601(a). If required disclosures are not made, the consumer may rescind. *See* 15 U.S.C. § 1635(a). Section 1635(b) governs the return of money or property when a borrower exercises the right to rescind.  It provides that the borrower is not liable for any finance or other charge, and that any security interest becomes void upon rescission. The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170 (9th Cir. 2003).  The right to rescind under TILA has a 3 year statute of limitations.

### B. TILA claim is time-barred.

Plaintiff seeks money damages in this lawsuit.  TILA contains a one-year statute of limitations for the recovery of monetary damages, which time period runs from the date of the occurrence of the violation. 15 U.S.C. §1640(e).  Here, the date of the violation is the date the loan closed, or January 3, 2007.  Plaintiff's claim for damages under TILA, which was filed in state court on December 4, 2008, exceeds the statute of limitations by eleven months, and is clearly time-barred.

Plaintiff also seeks recission pursuant to TILA.  Section 1635(f) of TILA provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, *whichever occurs first*, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." (emphasis added).  The San Mateo property was sold at a non-judicial foreclosure sale on September 22, 2008. [Request for Judicial Notice, Ex. D].   Applying §1635(f) to Plaintiff's facts, the right to rescind expired on September 22, 2008, when the property was sold.

When Plaintiff filed the complaint in state court on December 4, 2008, the statute of limitations on this claim had already run. No facts are alleged in the Complaint which would support tolling the statute of limitations, nor has the Plaintiff raised a tolling argument in her opposition.

For the reasons set forth above, neither damages nor rescission is available under TILA on Plaintiff's alleged facts. Because the TILA claim is time-barred, the Court GRANTS the motion to dismiss the Fourth Cause of Action WITH PREJUDICE.

**C.    RESPA**

RESPA was enacted to provide consumers "with greater and more timely information on the nature and costs of the settlement process" and to protect consumers "from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). Plaintiff alleges GE Money violated RESPA by failing to provide an accurate Good Faith Estimate when required." Compl. ¶46.

Under Regulation X, promulgated under RESPA, a lender is required to provide a "good faith estimate" of settlement charges "not later than 3 business days after a lender receives an application," 24 C.F.R. §3500.7, and to provide the borrower with the HUD-1 settlement statement one day prior to closing. 24 C.F.R. § 3500.10.

The Plaintiff alleges that "[a]n audit reveals the borrower's first Good Faith Estimate was produced on October 27, 2006, but not signed until January 10, 2007. The first loan application was signed December 14, 2006. GE Money should have produced TILA and RESPA disclosures within three days of receiving borrower's application." Compl. ¶ 18. Based on these factual allegations, the Plaintiff contends "Defendants violated RESPA by failing to provide an accurate Good Faith Estimate when required." Compl. ¶ 54. As to the HUD-1 settlement statement, the Plaintiff complains that the "escrow final closing documents" were not provided "in the form and manner required in a HUD-1 Settlement Statement." Compl. ¶17. Paragraphs 17 and 18 are legal conclusions rather than factual assertions. It is unclear specifically when Plaintiff is asserting Defendant was required to provide the Good Faith Estimate and failed to do so. Moreover, the phrase "form and manner" fails to inform the defendant how it allegedly violated RESPA. It is unclear whether the Plaintiff means that she received the HUD-1 Statement late, that essential

information was missing, and/or that there was some other defect in its "form and manner."  Because the complaint is silent as to these important facts, the Court GRANTS the motion to dismiss the Fifth Cause of Action WITH LEAVE TO AMEND.

**V.     Actual Fraud, Intentional Misrepresentation and Concealment claims.**

These claims are only asserted against GE Money.  Under Fed. R. Civ. P. 9(b), the elements must be plead with particularity.  Under California pleading requirements, fraud, misrepresentation and concealment claims "must be pled specifically; general and conclusory allegations do not suffice.  Thus, the policy of liberal construction of the pleadings ... will not ordinarily be invoked to sustain a pleading defective in any material respect.  This particularity requirement necessitates pleading facts which 'show how, when, where, to whom, and by what means the representations were tendered'."  *Robinson Helicopter Co., Inc. v. Dana Corp*., 34 Cal.4th 979, 993 (2004).

**A.     Actual Fraud.**

Under California law, a cause of action for fraud or deceit requires the plaintiff to establish: (1) a knowingly false representation by the defendant; (2) made with intent to deceive or induce reliance by the plaintiff; (3) justifiable reliance by the plaintiff; (4) resulting damages." *Smith v. Allstate Ins. Co.,* 160 F.Supp.2d 1150, 1152 (S.D.Cal. 2001) (internal citations omitted).

"Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient specificity to allow defendant to understand fully the nature of the charge made. The requirement of specificity in a fraud action *against a corporation* requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.***,** 2 Cal.App.4th 153, 157 (Cal.App.6.Dist.1991) (internal citations omitted) (emphasis added).

Plaintiff has fallen far short of meeting the strict pleading requirements.  She generally avers that Defendants [sic] "further breached that duty by misrepresenting or failing to disclose material facts about the transaction including but not limited to: true terms of the loan, finance charges, the use of discount points to pay the lender an extra fee instead of lowering the interest rate."  Compl. ¶ 57.  The terms of the loan are visibly set out in the Deed of Trust, which she signed. [RJN, Ex. A].

1 However, any allegations that specifically relate to misrepresentations or non-disclosures are absent.
2 In essence, none of the specifics required by *Tarmann* are included in the Complaint (the name of
3 the person who made the misrepresentation, that person's authority to speak, what they said, etc.).
4 For these reasons, the Court GRANTS the motion to dismiss the Sixth Cause of Action for actual
5 fraud WITH LEAVE TO AMEND.

### B.     Concealment.

A California claim for concealment is equivalent to one for fraud. In fact, the California civil jury instructions collapse the two claims. Essentially, "[w]here failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent. An active concealment has the same force and effect as a representation which is positive in form." *Stevens v. Superior Court,* 180 Cal.App.3d 605, 609 (Cal.App.2.Dist.1986). Consequently, the Court also GRANTS the motion to dismiss Plaintiff's Eighth Cause of Action for concealment WITH LEAVE TO AMEND.

### C.     Intentional Misrepresentation.

Under California law, to establish a claim of deceit based on intentional misrepresentation, the plaintiff must prove seven essential elements: (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff. *Manderville v. PCG & S Group, Inc*., 146 Cal.App.4th 1486, 1498 (2007) (citing to Civ.Code §§ 1709 & 1710, & Engalla, supra, 15 Cal.4th at p. 974, 64 Cal.Rptr.2d 843, 938 P.2d 903.)

Here, the Plaintiff alleges that GE Money withheld information about the material terms of the loan and associated costs. As a matter of logic, withholding information is analogous to concealing information, which forms the basis of a concealment claim. The same conduct is not analogous to affirmatively stating something is true when one knows it to be false, which is material

9

1 to any claim for intentional misrepresentation. Because these material elements of the claim have
2 not been alleged, the claim must fail. The California Supreme Court in *Robinson* emphasized that
3 "the policy of liberal construction of the pleadings ... will not ordinarily be invoked to sustain a
4 pleading defective in any material respect." The Defendant's motion to dismiss the Seventh Cause
5 of Action is GRANTED WITH LEAVE TO AMEND.

**VI.    Negligent Misrepresentation.**

Defendant correctly notes that even though the Ninth Cause of Action is captioned "negligent misrepresentation," Plaintiff actually alleges an intentional tort. For instance, she alleges "Defendant knowingly and willingly induced Plaintiff to enter into a loan by omitting material information regarding the terms of the loan . . . " Compl. ¶ 82. In stating a claim for negligent misrepresentation, the following essential elements must be plead: (1) a legal duty to use due care; (2) breach of that duty; (3) the breach as proximate cause resulting in injury; and (4) damages. *Jones v. Grewe*, 189 Cal. App. 3d 950, 954 (1987). Because the plaintiff fails to allege a duty or a breach of duty by GE Money, she has not stated a claim for negligent misrepresentation.

Moreover, she cannot state a claim against a lender for negligent misrepresentation unless there is a special relationship between them which gives rise to a duty. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn*, 231 Cal.App.3d 1089, 1096 (Cal.App.3.Dist.1991). There is no factual support in the complaint for a special relationship between Plaintiff and GE Money. For these reasons, the Court GRANTS the motion to dismiss the Ninth Cause of Action WITH LEAVE TO AMEND, if she can cure these deficiencies in good faith.

**VII.   Section 17200 Claims Should be Dismissed with Leave to Amend under FRCP 9(b).**

Plaintiff alleges Defendants GE Money, Saxon and MERS have "engaged in a pattern of unlawful, fraudulent or unfair predatory real estate lending practices causing victims of their actions, including Plaintiffs [sic] herein, to lose or be in jeopardy of losing their homes through the foreclosure process because of predatory lending practices [ . . .]. Compl. ¶ 17. The actions of the defendants are the same that are stated throughout the TILA and fraud claims, namely: (1) failing to

provide proper disclosures; (2) failing to disclose the true terms of the loan; (3) charging excessive closing costs fees [sic]; and (4) failing and refusing to provide escrow final closing documents in the form and manner required in a HUD-1 statement.

To the extent this claim is predicated on a violation of TILA, the claim is DISMISSED because Plaintiff has no viable TILA claim, as discussed above. Without the predicate TILA violation, there can be no Section 17200 claim for unlawful business practices. Section 17200 "borrows" violations from other laws by making them independently actionable as unfair competitive practices. *Korea Supply*, 29 Cal.4th at 1143.

To the extent the claim is predicated on a fraudulent business practice, the plaintiff must allege particular facts disclosing or specifying fraud, including time, place, persons, statements made and an explanation of why the material statements or omissions were false or misleading. *Tarmann,* 2 Cal.App.4th at 157. The Court, therefore, GRANTS the motion to dismiss the Tenth Cause of Action WITH LIMITED LEAVE TO AMEND either (1) an independently actionable violation of law or (2) a fraudulent practice plead with particularity.

**VIII.  Other State law claims.**

There are two alternate bases for the dismissal of the Plaintiff's claims to quiet title, cancel the trustee's deed and to set aside the trustee's sale. First, the plaintiff fails to oppose the motion to dismiss those claims, which the Court treats as her consent to the granting of the motion. *See* Court's Civil Standing Order No. 8.

In addition, Plaintiff fails to support her claims against GE Money with factual allegations. The Eleventh claim to set aside the trustees's sale, although purportedly alleged against Defendants GE Money, Old Republic, Westwood, MERS, Saxon and U.S. Bank, does not set forth factual allegations against GE Money. [Compl. ¶¶ 98-98]. The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. Although the demands on the pleader are minimal, they are not nonexistent. *Cooperman v. Individual, Inc*. 171 F.3d 43, 47-48 (1st Cir. 1999). Some facts are required if the Court is to apply Rule 12(b)(6) and examine Plaintiff's factual allegations to see if they support the conclusions pled. It is apparent on the face of the pleadings before the Court that no valid claim for relief is asserted against GE

11

Money.

The same is true for the Twelfth Cause of Action to cancel the Trustee's Deed. Although purportedly alleged against "All Defendants," no factual allegations are asserted against GE Money. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Because the Plaintiff has failed to plead sufficient factual matter to enable this Court to draw the reasonable inference that GE Money is liable for the misconduct alleged, the claims have no facial plausibility and do not state a claim against GE Money. For these reasons, the Court GRANTS the motion to dismiss the Eleventh and Twelfth Causes of Action WITH LEAVE TO AMEND

Finally, the Thirteenth Cause of Action seeks to quiet title against the claims of all the defendants. "In an action to quiet title, the complaint should allege, inter alia, the interest of the plaintiff in the property at the time the action is commenced. If plaintiff owns the property in fee, a general allegation of ownership of the described property is sufficient." *Stafford v. Ballinger*, 199 Cal.App.2d 289, 292 (1962). If the plaintiff does not have fee title, she must set forth the nature of her lesser estate. *Peck v. Martinez*, 46 Cal.App.2d 855, 856 (1941). However, a plaintiff cannot obtain a judgment quieting an equitable interest against the owner of legal title based on a general allegation of ownership. *Miller & Starr*, 12 Cal. Real Estate § 34:104 (3d ed.). The subject property was sold at a trustee sale on September 22, 2008, thus at the time of commencement of this action on December 4, 2008, the plaintiff no longer owned the property in fee. In order to state a claim to quiet title, the plaintiff must set forth the nature of her lesser estate, *Peck*, 46 Cal. App. 856, which she has failed to do so. Therefore, the Defendants' motion is GRANTED with LEAVE TO AMEND specific allegations regarding ownership.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant GE Money's motion to dismiss. The Court DISMISSES the Fourth Cause of Action WITH PREJUDICE. Plaintiff is GRANTED LEAVE TO AMEND the remaining claims.

IT IS HEREBY ORDERED that **no later than twenty (20) days from the date this Order is filed**, Plaintiff shall file an Amended Complaint that cures the deficiencies discussed in this Order. **If Plaintiff fails to file an Amended Complaint within the aforementioned period of time, the Complaint shall be dismissed with prejudice, either sua sponte or on request of the Defendant, without further notice to Plaintiff.**

If Plaintiff files an Amended Complaint, Defendant shall file an answer, a motion to dismiss, or other responsive paper **no later than twenty (20) days from the date that Defendant are served with the Amended Complaint**.

IT IS SO ORDERED.

Dated: 6/17/09

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge