IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ALICEA, | No. C 09-00091 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 30, 31, 50] |
| GE MONEY BANK, et al., | |
| Defendants. | |

Before the Court is Defendants' Saxon, U.S. Bank and MERS Motion to Dismiss and Request for Judicial Notice. [Docket Nos. 30, 31]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. L.R. 7-1(b). For the reasons given below, the Court GRANTS the Motion to Dismiss and GRANTS Defendant's Request for Judicial Notice.

**BACKGROUND**

This is a wrongful foreclosure case. In 2006, Plaintiff Maria Alicea obtained a home loan from Defendant GE Money in the amount of $700,000.00 for the purchase of 501 North Idaho Street, San Mateo, California, 94404. Plaintiff fell into arrears on her mortgage and the home was foreclosed upon on October 6, 2008.

In addition to suing the lender, GE Money, Plaintiff also sues (1) Mortgage Electronic Registration Systems ("MERS"), the legal beneficiary on the Deed of Trust, (2) U.S. Bank National Association ("U.S.Bank"), which received legal rights from MERS when it acquired the San Mateo property in the foreclosure, and (3) Saxon Mortgage ("Saxon"), which serviced the Alicea Loan for U.S. Bank.

Plaintiff alleges the lender, Defendant GE Money, failed to provide her with necessary disclosures as required by the Truth in Lending Act ("TILA") and the Real Estate Settlement

1 Procedures Act ("RESPA"), and also provided her with a loan which they knew she could not afford
2 to repay. As a result, Plaintiff seeks to rescind the loan and unwind the foreclosure proceeding. The
3 TILA and RESPA claims were dismissed with prejudice as time-barred.

4 Plaintiff includes the moving defendants in the lawsuit on the theory that they participated in
5 a wrongful foreclosure; wrongful in part because she should be entitled to rescind the mortgage loan
6 based on the lender's alleged TILA and RESPA violations (claims which have been dismissed with
7 prejudice), and also because her vague allegations of fraud associated with the lending process
8 somehow entitle her to keep her home in spite of having defaulted on the payments. There are no
9 factual allegations in the complaint of any specific wrongdoing on the part of the moving
10 defendants, apart from the allegation that U.S. Bank had no standing to foreclose on the subject
11 property.

12 The Plaintiff alleges that when the initial Deed of Trust was recorded on January 22, 2007,
13 Defendant MERS was listed as the beneficiary under the Deed of Trust. [RJN, Ex. A, Deed of
14 Trust]. The Deed of Trust specifies that MERS hold legal title to the interest granted by the
15 Borrower (Plaintiff), but if necessary, MERS (as the nominee for the Lender or the Lender's
16 successors or assigns), has the right to exercise any and all of those interest, including "the right to
17 foreclose and sell the Property." [RJN, Ex. A, section R]. The Deed of Trust is a contract, and it was
18 signed by Plaintiff and notarized.

19 When the Notice of Default issued on May 21, 2008, Defendant MERS was still the
20 beneficiary under the Deed of Trust. The Notice of Default warned Plaintiff that she "may lose legal
21 rights if [she does not] take prompt action," and gave Defendant Saxon's name and contact
22 information "to find out the amount you must pay, to arrange for payment to stop the foreclosure."
23 [RJN Ex. B, Notice of Default]. In October 6, 2008, MERS, as nominee for Saxon, transferred "all
24 beneficial interest under [the] Deed of Trust" to U.S. Bank. [RJN Ex. C, Assignment of Deed of
25 Trust]. Finally, on October 6, 2008, U.S. Bank was recorded as both the Grantee and Trustee upon
26 sale of the Subject Property. The Grantee is also specifically identified as the "foreclosing
27 beneficiary." [RJN Ex. E, Trustee's Deed Upon Sale].

28 On June 18, 2009, the Court granted Defendant GE Money's motion to dismiss and granted

2

1 Plaintiff twenty days to amend the complaint. Plaintiff, to date, has not amended the complaint, and
2 the time for doing so expired on July 9, 2009. Plaintiff was warned that her failure to file an
3 Amended Complaint within the twenty days provided by the Court would result in a dismissal with
4 prejudice, without further notice to Plaintiff.

**LEGAL STANDARDS**

**I.     Federal Rule of Civil Procedure 12(b)(6).**

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). When a court reviews a motion to dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [. . .]. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65 (internal citations omitted).

Except when specific pleading is required, such as for a claim of fraud, specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197 (2007) (per curiam) (quoting *Twombly*, 127 S.Ct. at 1964).

**II.    Judicial Notice.**

The Court may consider documents referred to by the complaint if they are authentic and central to plaintiff's claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). Here, Plaintiff's complaint references the deed of trust, notice of default, and the notice of the trustee's sale. Defendant requests the Court judicially notice these documents and submits them as exhibits. Plaintiff does not contest the authenticity of those documents. The Court should take judicial notice of the documents and consider them in resolution of the motion.

**DISCUSSION**

**I.     U.S. Bank has Standing to Foreclose.**

3

Plaintiff argues that Defendant U.S. Bank lacked standing to lawfully foreclose on the Subject Property because it was not the true holder of the promissory note as a result of placing the note in a trust pool. [Compl. ¶ 7]. However, California law does not require possession of the note as a precondition to non-judicial foreclosure under a Deed of Trust. Under Cal. Civil Code § 2924(a)(1), the trustee of a Deed of Trust has the right to initiate the foreclosure process. *See Putkkuri v. Recontrust Co.*, 2009 WL 32567 (S.D.Cal. 2009); *Pagtalunan v. Reunion Mortg. Inc.*, 2009 WL 961995, 2 (N.D.Cal. 2009).

Here, Defendants' Exhibit E indicates that U.S. Bank is the Trustee of the Deed of Trust. This establishes its right to initiate the foreclosure process. Exhibit E also explicitly identifies U.S. Bank as the Grantee and "foreclosing beneficiary." The judicially noticed evidence firmly establishes that Defendant U.S. Bank has standing to foreclose, thus foreclosure cannot be unlawful on this particular legal theory. Moreover, because neither MERS nor Saxon were foreclosing beneficiaries, Plaintiff also fails to state a claim of wrongful foreclosure as to them.

For these reasons, the Court DISMISSES the causes of action against the moving Defendants that are premised on a wrongful foreclosure: First (declaratory judgment), Second (rescission), Eleventh (set aside Trustee's sale), Twelfth (Cancel Trustee's Deed) and Thirteenth (quiet Title).

## II. Failure to state a claim for any cause of action for wrongful foreclosure because Plaintiff did not comply with the Tender Rule.

When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure. "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Savings and Loan Assoc.*, 15 Cal.App.3d 112, 117-18 (1971); *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021 (Cal.App.2.Dist.1989). A valid and viable offer of tender means that it is made in good faith, the party making the tender has the ability to perform, and the tender must be unconditional. *See* Miller & Starr, *California Real Estate*, §§ 1493-1495 (3d ed. 1989). The Complaint does not allege any tender of payment, rendering the claim deficient on its face. Nor does Plaintiff indicate in her Opposition that she is prepared to cure the deficiency in the

4

Complaint by making the offer of tender.

Plaintiff concedes the above-stated "tender rule" is a condition precedent to any claim for wrongful foreclosure but argues that it would be inequitable to apply it to her. [Opp'n at 10-11]. She argues that because the Deed of Trust was put into a trust pool, "she does not know who the true holder of the note is" and "it is impossible for Plaintiff to properly offer tender because despite her best efforts, she could not and does not know who to offer tender to." Aside from the fact that she cites no legal authority for the proposition that the tender rule may be waived, her argument is incredible given the fact that the Notice of Default explicitly (and in capital letters and boldface) directs her to Defendant Saxon in order "to find out the amount you must pay, to arrange for payment to stop the foreclosure." [RJN, Exhibit B]. Plaintiff states in the Complaint that she received the Notice of Default. [Compl. ¶ 25]. Defendant Saxon states that "prior to and from the time of the execution of the Note and Deed of Trust through the Foreclosure Sale, Plaintiff has not made a valid tender to pay off or reinstate the Loan." [Docket No. 33, Decl. of Todd Pawlinksi, ¶ 13]. The Complaint and judicially noticed exhibits clearly demonstrate that Plaintiff had notice prior to the foreclosure to whom she could make payment to stop the foreclosure, and did not. Plaintiff's argument that the tender rule does not apply to her is unavailing.

Accordingly, the Court DISMISSES the first, second, eleventh, twelfth and thirteenth causes of action on these alternate grounds as well.

**III.    Plaintiff alleges no wrongdoing by the moving Defendants to support her claim of breach of the implied covenant.**

In the Third Cause of Action (against all Defendants), Plaintiff alleges that the terms of the promissory note and the Deed of Trust imposed upon the Defendants U.S. Bank and Saxon a duty of good faith and fair dealing and that the duty was breached by Defendant GE Money's conduct, namely by not taking into account her ability to repay the loan, by misleading her as to the terms of the loan, as to the discount points, the fees and prepaid finance charges; and by failing to tell her she was likely to default because the loan was not affordable. Compl. ¶¶ 41, 43. The Court dismissed the claim against Defendant GE Money because it failed to state a claim (she alleged a breach of duty but not a duty).

Here, Alicea alleges U.S. Bank and Saxon have a duty, but alleges no breach of that duty. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. Plaintiff has not met the requirements of notice pleading, thus the Court DISMISSES the Third Cause of Action.

## **CONCLUSION**

For the reasons given above, the Court GRANTS the motion WITHOUT LEAVE TO AMEND.[1] Given Plaintiff's failure to timely amend her claims against Defendant GE Money, the Court, without further notice to Plaintiff, HEREBY DISMISSES the Complaint in its entirety. The Clerk of the Court is directed to terminate all deadlines in this matter and close the file.

IT IS SO ORDERED.

Dated: 7/15/09

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Defendants' motion to expunge and for attorneys' fees [Docket No. 35] was withdrawn on July 6, 2009, upon Plaintiff's voluntary withdrawal of her Notice of Pendency of Action in state court.